# Court of Appeals
# of the State of Georgia

ATLANTA,  January 13, 2025

*The Court of Appeals hereby passes the following order:*

**A25D0194. ASHA OLUSEYI v. GREYSTAR MGMT SERVICES**.

On December 31, 2024, Asha Oluseyi filed this application for discretionary appeal from a December 4, 2024 magistrate court order, which awarded a writ of possession in favor of Greystar Management Services. We, however, lack jurisdiction.

Pretermitting whether Oluseyi's application is timely,[1] "the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b) (1), which allows for a de novo appeal to the state or superior court." *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023) (citation and punctuation omitted). This Court may address magistrate court matters only if they already have been reviewed by the state or superior court. See *Westwind Corp. v. Washington Fed. S & L Assn.*, 195 Ga. App. 411, 411 (1) (393 SE2d 479) (1990).

The Georgia Constitution provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII. Accord *Bosma v. Gunter*, 258 Ga. 664, 665 (373 SE2d 368) (1988); Court of Appeals Rule 11 (b).

---

[1] Under OCGA § 44-7-56 (b) (1), appeals in dispossessory actions must generally be filed within seven days of the date the order was entered.

Accordingly, Oluseyi's application for discretionary appeal is hereby TRANSFERRED to the Superior Court of Gwinnett County for disposition.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,___01/13/2025_____*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*